UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LUIS OMAR ALVAREZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV421-119 |
| APLM, AM INDUSTRIAL SERVICES, and CARLA LITCHFIELD, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants APLM, AM Industrial Services, and Carla Litchfield's Motion to Dismiss Pursuant to Rules 12(b)(5) and 12(b)(6) or, Alternatively, for Summary Judgment ("Defendants' Motion"). Doc. 5; *see also* doc. 6 (brief). Defendants request that the Court dismiss this case for insufficient service of process and failure to state a claim upon which relief can be granted, or alternatively, enter summary judgment against Alvarez. Docs. 5&6. Plaintiff Luis Omar Alvarez, proceeding *pro se*, opposes Defendants' Motion.[1] Doc. 9. For the

---

[1] Although the Court appreciates that *pro se* parties are often more emotionally invested in their case, and thus more vehement in their expression, than attorneys, Plaintiff's pleadings go too far. *See, e.g.*, doc. 9 at 4 (asking whether Defendants have performed the "horrible deed" of filing a motion for summary judgment before the

1

following reasons, Plaintiff is **DIRECTED** to serve the Defendants pursuant to the Federal Rules of Civil Procedure no later than May 6, 2022. The Defendants' Motion is **TEMRINATED** pending service. Doc. 5.

Plaintiff's Complaint alleges that Defendants discriminated against him in violation of Title VII of the Civil Rights Act of 1964 on the basis of "[r]ace, [c]olor, and [n]ational [o]rigin," and that Defendants retaliated against him. Doc. 1 at 2. He indicates that he attempted to serve Defendants by "mail[ing] Defendants a Certif[ied] Signature Return Receipt package via USPS." Doc. 12 at 3; *see also id.* at 14-15 (USPS certified mail receipts); doc. 4 (Defendant filed copies of the certified mail receipts as a purported "Certificate of Service of Summons, Complaint, Court Order, [a]nd Certificate Mailing."); doc. 6 at 3-4 (Defendant APLM indicates that it received a copy of the Complaint by

---

conclusion of discovery because Plaintiff is Hispanic, and whether he has "been discriminated in Court"); doc. 12 at 6 ("Why in hell don't you want to pay me for those attending hours?"); doc. 14 at 2 (Plaintiff accuses Defendants of "lying their guts out"); doc. 15 at 2 ("Lies! Lies! Lies! That is all Plaintiff received from Defendants. All of them!"). While *pro se* pleadings are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted), Plaintiff is advised that the Court expects that parties and attorneys, including *pro se* parties, treat each other respectfully. There is no advantage to overheated rhetoric and, in many cases, it can obscure otherwise meritorious arguments.

certified mail). Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(5), contending that service by mail does not satisfy the requirements for service under Rule 4(e). Doc. 6 at 4.

Defendants are correct that Plaintiff's attempted service is insufficient. A plaintiff is responsible for serving defendants within 90 days from the day the complaint is filed. Fed. R. Civ. P. 4(m). Under Federal Rule of Civil Procedure 4(e), a plaintiff may serve process by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Neither the Federal Rules of Civil Procedure nor Georgia law permits service upon a business entity, or an individual, by mail. *See* Fed. R. Civ. P. 4(e)(1)&(h)(1); O.C.G.A. § 9-11-4(e); *Thorpe v. Dumas*, 788 F. App'x 644, 647-48 (11th Cir. 2019) ("Rule 4 does not authorize service of process through the mail. Nor does Georgia law. . . . So certified mail, even to an authorized agent, does not satisfy Rule 4's

service requirements."). Accordingly, Plaintiff's mailing of the Complaint did not effectuate service in this case, and he does not indicate that he made any other attempt to serve Defendants during his 90-day window to do so. Fed. R. Civ. P. 4(m); *see generally* docket (Plaintiff has not filed Proofs of Service or notice that Defendants waived service as required by Rules 4(l)(1) & (d)(4)).

If a plaintiff does not serve a defendant within 90 days from the filing of the complaint, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). For a plaintiff to show "good cause" for an extension, he must show that "some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Swanson v. Georgia*, 2022 WL 193726, at *2 n.2 (S.D. Ga. Jan. 20, 2022) (quoting *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007)).

Alvarez has not proffered any "outside factor" that prevented him from serving the defendants as required under the Rules. As discussed

above, the closest he comes to explaining his failure is his erroneous contention that mailing the documents was effective service. *See, e.g.*, doc. 12 at 3. Although the Court liberally construes *pro se* plaintiffs' filings, *Aibra v. Advan. Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), "[p]laintiff's *pro se* status and misunderstanding of the procedural rules alone are insufficient to establish good cause [under Rule 4(m)]." *Ryzhov v. Florida*, 861 F. App'x 301, 304 (11th Cir. 2021).

Even if a plaintiff does not show good cause, a district court has the discretion to extend the time for service of process. *Proman v. Sinkhole LLC*, 2021 WL 5541944, at *4 (S.D. Ga. July 26, 2021) (citing *Horenkamp v. Van Winkle & Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005)). Even in a case, like this one, where a plaintiff has presented no explanation, much less "good cause," for his failure, nor presented any extenuating circumstances that might excuse that failure, the Court has an independent obligation to consider whether such circumstances exist. *See Lepone-Dempsey*, 476 F.3d at 1282 ("when a district court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court *must* still consider whether any other circumstances warrant an extension of time based on the facts of

5

the case.") (emphasis added). Courts have articulated several factors which would justify an extension absent good cause, including whether "the applicable statute of limitations would bar the refiled action," *Horenkamp*, 402 F.3d at 1132-33 (citation omitted), and a plaintiff's *pro se* status, *Murray-Bey v. City of Port Wentworth*, 2021 WL 1395194, at *1 (S.D. Ga. Apr. 13, 2021).

Despite the absence of good cause, the circumstances of this case warrant an extension of time in which Plaintiff may serve Defendants. *Lepone-Dempsey*, 476 F.3d at 1282. First, if the Court dismisses this case without prejudice for improper service, Plaintiff would be barred from re-filing. Under Title VII of the Civil Rights Act of 1964, an employee filing a civil action for discrimination must first exhaust his administrative remedies. *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). "The first step down th[e] path [to exhaustion] is filing a timely charge of discrimination with the [Equal Employment Opportunity Commission (EEOC)]." *Id.*; 42 U.S.C. § 2000e-5(b). If the EEOC dismisses the employee's charge, the employee has 90 days from the date he is notified of the dismissal to file a civil action against the employer. 42 U.S.C. § 2000e-5(f)(1). Here, more than 90 days have passed since

Plaintiff was notified of the EEOC's dismissal of his charges, and he would be barred from filing another complaint related to those charges. *See* doc. 1 at 13 (EEOC's Dismissal and Notice of Rights, issued April 15, 2021).[2] The time bar on Plaintiff refiling his complaint weighs in favor of extending his time to serve Defendants. *See Lupone-Dempsey*, 476 F.3d at 1282 (quoting Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments).

Second, Defendants concede that Plaintiff received delayed notice of their Motion though their "unintentional oversight." Doc. 13 at 1. Although Defendants' Motion was timely filed, doc. 5, they later informed the Court that they "did not realize that Plaintiff had not submitted or registered an email address with his filing, resulting in him only receiving a paper copy of the Court's notice of filing (Doc. #8), rather than a full copy of the documents." Doc. 13 at 1; doc. 9 at 3 (Plaintiff indicates that although he received notice from the Clerk of Court that Defendants had filed a motion, he did not receive a copy of the motion from

---

[2] Although the pleadings are silent as to the date Plaintiff received notice of the EEOC's April 15, 2021 dismissal, his Complaint attaches a copy of the EEOC dismissal. Doc. 1 at 13. There is no question that the Complaint was filed within 90 days of that letter, whenever Alvarez received it. There is, similarly, no question that more than 90 days have now passed, precluding plaintiff's refiling any complaint arising from the EEOC charge at issue.

7

Defendants).  Had Defendants served their Motion when they filed it, Alvarez would have had an opportunity to correct the defective service, both before Rule 4(m)'s 90-day deadline or the running of the 90 days after receipt of the EEOC's letter.  The delay attributable to Defendants weighs in favor of a discretionary extension of Alvarez's deadline under Rule 4(m).

These factors, combined with Plaintiff's status as a *pro se* litigant, *Murray-Bey*, 2021 WL 1395194, at *1, militate in favor of affording Plaintiff an extension of time to properly serve the Defendants, notwithstanding his failure to articulate good cause for such an extension.  Accordingly, Plaintiff is **DIRECTED** to serve Defendants, as required by Rule 4, no later than May 6, 2022.  Plaintiff is **DIRECTED** to file Proof of Service, as required by Fed. R. Civ. P. 4(l)(1), no later than May 6, 2022.  Alternatively, if any defendant waives service, Plaintiff is **DIRECTED** to file the notice of waiver, as required by Fed. R. Civ. P. 4(d)(4), no later than May 6, 2022.

Since the lack of proper service calls into question the Court's jurisdiction over Defendants, *Fuqua v. Turner*, 996 F.3d 1140, 1154 (11th Cir. 2021) ("Proper service of process is a jurisdictional prerequisite"), the

Court declines to consider Defendants' arguments under Rule 12(b)(6) or Rule 56.[3]  Doc. 5 at 1.  Defendants' Motion is **TERMINATED** pending service by Plaintiff.  Doc. 5.  Upon service, any defendant served must file their responsive pleading as required by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i)-(ii) (defendant must answer "within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent . . . .").  Plaintiff's response and any replies to that response must comport with this Court's Local Rules.  *See, e.g.*, S.D. Ga. L. Civ. R. 7.5-7.6.

Finally, Plaintiff filed a "Motion . . . to Stop This Pause Taken Against Plaintiff's Complaint Interfering With Plaintiff's Rightful Day in Court."  Doc. 17.  Plaintiff's filing requests that the Court "stop this pause taken against Plaintiff's claims" and "move this case forward."  *Id.* at 2-

---

[3] Defendants' rather schematic pleading invokes Rule 56.  *See, e.g.*, doc. 5 at 1.  It is unclear, however, whether Rule 56 or a conversion of the motion, pursuant to Rule 12(d), is more appropriate.  Since Defendants will have another opportunity to present those arguments once service has been effected, the question is moot.

3. In light of the foregoing instructions, Plaintiff's request is **DENIED as moot**. Doc. 17.

**SO ORDERED**, this 1st day of February, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA