UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LUIS OMAR ALVAREZ, )
)
    Plaintiff, )
)
v. ) CV421-119
)
APLM SERVICES, )
AM INDUSTRIAL SERVICES, )
and CARLA LITCHFIELD, )
)
    Defendants. )

## ORDER

*Pro se* Plaintiff Luis Omar Alvarez filed a Complaint alleging that Defendants APLM Services, AM Industrial Services, and Carla Litchfield discriminated against him in violation of Title VII of the Civil Rights Act of 1964 on the basis of "[r]ace, [c]olor, and [n]ational [o]rigin," and that they retaliated against him. Doc. 1 at 2. He failed to properly serve them under Federal Rule of Civil Procedure 4; however, the Court extended his service deadline. *See* doc. 18 at 8 (directing him to serve Defendants by May 6, 2022). Defendants waived service, and Plaintiff complied with the Court's direction to file their waivers. Doc. 19 at 4-6 (waivers for each defendant); doc. 18 at 8 (Court's direction).

1

The waivers indicate that they were sent on February 4, 2022. *See* doc. 19 at 4-6. They were signed by Defendants' attorney on February 14, 2022. *Id.* Therefore, Defendants' "answer[s] or motion[s] under Rule 12" were due on April 5, 2022. *See* Fed. R. Civ. P. 12(a)(1)(A)(ii) ("A defendant must serve an answer . . . if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent . . ."). Defendants did not timely answer or otherwise respond. *See generally* docket. Their Motion to Dismiss was filed April 25, 2022, after the deadline expired. *See* doc. 20; *see also* doc. 18 (Court's Order specifies that "[u]pon service, any defendant served must file their responsive pleading as required by the Federal Rules of Civil Procedure.") (citing Fed. R. Civ. P. 12(a)(1)(A)(i)-(ii)).

Where a party has failed to timely answer a complaint, that party is in default, even if that fact is not officially noted on the docket. *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1337 (11th Cir. 2014); Fed. R. Civ. P. 55(a) ("[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). The Clerk has not formally entered default against the

Defendants. *See generally* docket. Nevertheless, they are in default. *Perez*, 774 F.3d at 1337.

A defaulted defendant "must request that the default be 'excused' and secure leave to answer before a responsive pleading will be recognized." Mary Kay Kane, 10A Fed. Prac. & Proc. Civ. § 2692 (4th ed. 2022). Federal Rule of Civil Procedure 55(c) permits the Court to set aside an entry of default for "good cause." Since Defendants have not moved to set aside the default, their Motion to Dismiss is **TERMINATED**. Doc. 20. They remain free to move the Court to set aside the default pursuant to Fed. R. Civ. P. 55(c).

**SO ORDERED**, this 28th day of April, 2022.

*[signature]*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA