# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| LUIS OMAR ALVAREZ, | ) |
| Plaintiff, | ) |
| v. | )   CV421-119 |
| APLM SERVICES, AM INDUSTRIAL SERVICES, and CARLA LITCHFIELD, | ) |
| Defendants. | ) |

## ORDER

Plaintiff, appearing *pro se*, filed this lawsuit alleging that Defendants committed various unlawful employment actions. Currently pending is Defendants' Motion to Dismiss or in the Alternative for Summary Judgment. Doc. 26. Plaintiff responded in opposition, doc. 32, Defendants replied, doc. 34, and Plaintiff responded to the Reply, doc. 35.

### I.   Background and Procedural History

Defendants filed their Motion to Dismiss or in the Alternative for Summary Judgment on May 17, 2022. Doc. 26. On that same day, the Court issued a Notice to Plaintiff alerting him to the implications of the Court's review of a Motion for Summary Judgment. Doc. 29. Specifically,

1

Plaintiff was informed that the Defendants may use their Statement of Material Facts to show that there is insufficient evidence to support his claims, and that, "[i]f a summary judgment motion is properly supported, [Plaintiff] may not rest on the allegations in [his] pleadings alone." Doc. 29. He was notified that he may file affidavits or other material in opposition to the Motion, and that he may need to rebut the Motion with admissible evidence or risk final judgment being entered against him without a full trial or any other proceedings. *Id.*

Plaintiff responded to the Defendants' Motion on June 3, 2022, primarily attacking the factual allegations contained in Defendants' affidavits which were attached to their Motion. *See* Doc. 32 (examining "Mr. Townsend's Affidavit," among others and pointing out perceived inconsistencies in their recitation of events). He also attached an exhibit to his own response, which contained communications and other relevant evidence in support of his claim. *See* doc. 32-1 at 1-13. These exhibits were not attached to his Complaint, which suggests that Plaintiff seeks "to go beyond the pleadings" and present affidavit evidence designating "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *see* doc. 1.

Despite appearing to make a summary-judgment argument, Plaintiff's response also cited to precedent relevant to motions to dismiss under Rule 12(b)(6), and Plaintiff failed to file and serve his own statement of material facts pursuant to the local rules. *See* S.D. Ga. L. Civ. R. 56.1. ("[I]n addition to the Parties' briefs, there "shall be annexed to the motion a separate, short, and concise statement of the material facts as to which it is contended there exists no genuine dispute to be tried as well as any conclusions of law thereof."). Therefore, he did not appear to heed the warnings contained in this Court's May 17th notice regarding summary judgment. *See* doc., 32 at 6 (citing *Pataula Elec. Membership Corp. v. Whitworth*, 951 F.2d 1238, 1240 (11th Cir. 1992); doc. 29. On June 14, 2022, Defendants filed a Reply to Plaintiff's Response, doc. 34, to which Plaintiff responded three days later. Doc. 35. Again, Plaintiff attached exhibits which specifically purport to contradict issues of fact presented by the Defendants. Doc. 35 at 7-13.

II. **Notice to Parties of Conversion to Motion for Summary Judgment**

Due to the parties' own reliance upon and engagement with matters extrinsic to the pleadings, the Court finds it impossible to examine their arguments without considering matters outside the pleadings. "If on a

3

motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Jones v. Auto. Ins. Co. of Hartford, Conn.*, 917 F.2d 1528, 1531 (11th Cir. 1990) (quoting Fed. R. Civ. Pro. 12(b)) (internal quotation marks omitted); *see also* Fed. R. Civ. Pro. 12(d). It is within the judge's discretion to decide whether to consider matters outside of the pleadings that are presented to the court. *Property Management & Investments, Inc. v. Lewis,* 752 F.2d 599, 604 (11th Cir. 1985). However, if the judge does consider these matters, the Court must give the parties ten[1] days' notice that it is converting the moving party's motion to dismiss into a motion for summary judgment. *Griffith v. Wainwright,* 772 F.2d 822, 825 (11th Cir. 1985); *see also United States v. One Colt Python .357 Cal. Revolver, S/N T03461 W/Holster*, 845 F.2d 287, 289 (11th Cir. 1988) ("The disposition of a case on summary

---

[1] While Rule 56 does not enumerate a ten-day requirement, binding precedent holds that ten days is the minimum.

judgment grounds represents a final decision on the merits and forecloses subsequent litigation. Given this harsh reality, it is important that proper notice be given so as to ensure a litigant adequate opportunity to present factual and legal claims.").

Here, Defendants have filed a Motion containing two alternative forms of relief: one based on an argument that Plaintiff failed to state a claim for which relief can be granted pursuant to Rule 12(b)(6), and one arguing that Plaintiff has created no genuine dispute as to any material fact and that they are thus entitled to judgment as a matter of law under Rule 56. Although the rule requiring notice contemplates a *sua sponte* conversion rather than a motion requesting summary judgment as alternative relief, the Eleventh Circuit has repeatedly emphasized that care must be exercised to ensure proper notice to a litigant not represented by counsel. *One Colt Python .357 Cal. Revolver, S/N T03461 W/Holster*, 845 F.2d at 289. Thus, although Defendants have arguably put Plaintiff on notice that he faces the "harsh reality" of summary judgment if he does not refute the defense, Plaintiff is *pro se* and the Court must exercise care. *Id.* ("We have repeatedly emphasized that

care must be exercised to ensure proper notice to a litigant not represented by counsel.").

Therefore, pursuant to the requirements contained within Rule 12(d) and Eleventh Circuit precedent, and considering that Plaintiff is unrepresented, the Court hereby **NOTIFIES** the Parties that, due to their reliance upon matters outside the pleadings to argue and defend their cases, the Court will not exclude their affidavits and supporting evidence in making a recommendation to the District Judge regarding the merits of the case. Instead, the undersigned will analyze this case under Federal Rule of Civil Procedure 56. *Compare Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295–96 (11th Cir. 2007) ("The Court has instructed us that the [12(b)(6)] rule 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."); *with*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986) (A Plaintiff must "go beyond the pleadings and present affirmative evidence to show that a genuine issue of [material] fact does exist" to survive a Rule 56 summary judgment.).

The present Order affords the Parties' an opportunity to properly support any facts which they have not yet supported. **After ten days, if disputed facts are not addressed, the Court may consider the fact undisputed for purposes of the Motion or recommend a grant summary judgment if the Motion and supporting materials—including the facts considered undisputed—show that the Defendants are entitled to it.** *Universal Life Church Monastery Storehouse Inc. v. Cauley*, 619 F. App'x 836, 838 (11th Cir. 2015) (holding that notice requirements were met where district court "clearly and plainly warned Cauley that he would have to submit affidavits or responsive evidentiary material to prevent the district court from accepting the Appellees' evidence as true and granting summary judgment in their favor without a trial."). Thus, all parties are hereby on

notice that the undersigned intends to review the pending Motion as one for summary judgment.[2]

**SO ORDERED**, this 1st day of November, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] The Court may entertain any argument as to whether their opponents have sufficiently pled their arguments already in the pleadings as well.