IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LUIS OMAR ALVAREZ,                )
                                  )
    Plaintiff,                    )
                                  )
v.                                )   CASE NO. CV421-119
                                  )
APLM SERVICES, AM INDUSTRIAL      )
SERVICES, and CARLA LITCHFIELD,   )
                                  )
    Defendants.                   )
                                  )

## O R D E R

Before the Court is the Magistrate Judge's November 30, 2022, Report and Recommendation on Defendants APLM, AM Industrial Services, and Carla Litchfield's Motion to Dismiss Pursuant to Rule 12(b)(6) or, Alternatively, Motion for Summary Judgment (Doc. 39), to which Plaintiff Luis Omar Alvarez has filed an objection (Doc. 40). After a careful review of the record, Plaintiff's objections are **OVERRULED** (Doc. 40), and the report and recommendation (Doc. 39) is **ADOPTED** as the Court's opinion in this case.

### BACKGROUND

This case involves allegations of discrimination and Fair Labor Standards Act violations arising from Plaintiff's rejection of a job with Defendant APLM due to a safety training program. (Doc. 39 at 2-3, 5-6.) In his objection, Plaintiff references parts of the factual summary included in report and recommendation and

quarrels with the Magistrate Judge crediting Defendants' factual allegations. (E.g., Doc. 40 at 2, 3.) However, rather than demonstrating that the Magistrate Judge erred in describing the material facts, Plaintiff primarily adds additional information and offers opinions on what was required of him. (E.g., id. at 2 ("Having refused to accept that job to Mr. Sample, Plaintiff [was] under no obligation . . . to contact [anyone].").) For this reason, the Court will still rely on the factual summary included in the report and recommendation here.

On May 17, 2022, Defendants filed their motion to dismiss or motion for summary judgment. (Doc. 26.) Prior to issuing his report and recommendation, the Magistrate Judge notified the parties that, due to their reliance upon and engagement with matters extrinsic to the pleadings, the Court would analyze the Defendants' motion under Federal Rule of Civil Procedure 56.[1] (Doc. 36 at 6.) Plaintiff responded to that order, but he did not object to the Magistrate Judge's notice that the motion would be construed as a motion for summary judgment. (Docs. 37, 38.) Instead, Plaintiff

---

[1] See Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985); ("[A]n adverse party must be given express, ten-day notice of the summary judgment rules, of his right to file affidavits or other material in opposition to the motion, and of the consequences of default."); see also United States v. One Colt Python .357 Cal. Revolver, S/N T03461 W/Holster, 845 F.2d 287, 289 (11th Cir. 1988) (requiring the district court give the parties ten-day notice that it is converting the moving party's motion to dismiss into a motion for summary judgment).

2

repeated his contentions and submitted an affidavit stating that he has been truthful. (Id.)

After reviewing the claims and evidence presented, the Magistrate Judge recommended that the Defendants' motion for summary judgment be granted. (Doc. 39 at 33.) First, the Magistrate Judge found that Plaintiff's Title VII claims failed. (Id. at 11-27.) The Magistrate Judge concluded Plaintiff's discrimination claim would fail whether based on disparate impact, as Plaintiff alleged, or disparate treatment, as the Magistrate Judge determined Plaintiff's factual allegations more appropriately supported. (Id. at 12-13.) Plaintiff's disparate impact claim failed because he could not show any employment practice caused any disproportionate impact outside of his own personal situation. (Id. at 13.) As for a disparate treatment claim, the Magistrate Judge determined Plaintiff had not provided direct evidence of discrimination. (Id. at 14.) Noting that Plaintiff admittedly refused to take a training course required by the premises owner of all workers laboring on the premises, the Magistrate Judge found Plaintiff's qualifications were questionable, and he failed to allege he was similarly situated to the comparators he identified. (Id. at 15-17.) Moreover, the Magistrate Judge found Plaintiff could not overcome Defendants' legitimate, nondiscriminatory reasons for not hiring him. (Id. at 19-24.) Thus, Plaintiff's Title VII discrimination claim failed.

Likewise, the Magistrate Judge found that Plaintiff could not establish a Title VII retaliation claim because he did not engage in a statutorily protected activity and could not establish causation. (Id. at 24-25.) Plaintiff also could not establish a hostile work environment claim because he never experienced the work environment at Defendant APLM and did not allege sufficiently severe or pervasive workplace behavior to alter the conditions of any employment. (Id. at 26-27.) Finally, even assuming Plaintiff was an APLM employee, the Magistrate Judge found the time spent in third-party safety training was not compensable under the Portal-to-Portal Act, 29 U.S.C § 254, and his FLSA claim should be dismissed. (Id. at 31-33.) As a result, the Magistrate Judge recommended granting Defendants' motion.

**LEGAL STANDARD**

The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (outlining the standard of review for report and recommendations (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam))).

**ANALYSIS**

The Court will briefly address Plaintiff's objections. First, Plaintiff appears to confuse the applicable legal standard. (Doc. 40 at 5-6.) As a result, Plaintiff argues throughout his objection that the Magistrate Judge improperly credited Defendants' perjurious factual allegations and ignored Plaintiff's factual allegations. (E.g., id. at 2, 3). Instead of identifying any defect in the Magistrate Judge's legal analysis, Plaintiff points to immaterial factual details, like the Defendants' questionable character, and he reiterates that summary judgment is improper because discovery is warranted. (E.g., id. at 2, 4, 5.)

As previously explained, the Magistrate Judge warned that he was converting the motion to dismiss into a motion for summary judgment (Doc. 36 at 4), and Plaintiff was cautioned that he "may not rest on the allegations in [his] pleadings alone." (Doc. 29 at 1.) "Although the district court must liberally construe pro se pleadings, pro se litigants are nevertheless subject to the Federal Rules of Civil Procedure." Forde v. Miami Fed. Dep't of Corr., 578 F. App'x 877, 879 (11th Cir. 2014) (per curiam) (citation omitted); see also Moon v. Newsome, 863 F.2d 835, 836 (11th Cir. 1989) (explaining a pro se litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure[]"). Plaintiff did not file a response to Defendants' statement of material facts, and pursuant to Federal Rule of Civil Procedure

5

56(e) and Southern District of Georgia Local Rule 56.1, all material facts not controverted by specific citation to the record are deemed admitted unless otherwise inappropriate. Accordingly, Plaintiff's objection regarding the use of Defendants' factual allegations is meritless. Notwithstanding, the Magistrate Judge did not ignore Plaintiff's affidavits. (Doc. 39 at 2 n.1.) Although Plaintiff correctly asserts that he heeded the Magistrate Judge's warning to submit affidavits and other responsive material (Doc. 40 at 4), that does not mean the documents he submitted demonstrated a genuine dispute of material facts. The Magistrate Judge found that Plaintiff could not establish his Title VII claims or that Defendants engaged in FLSA violations, even considering Plaintiff's factual allegations. (Doc. 39 at 2 n.1.) As for Plaintiff's arguments regarding discovery, Plaintiff did not file a motion under Rule 56(d) showing he could not present facts essential to his opposition, and he made only vague assertions that additional discovery would produce needed facts. Shuler v. Bd. of Trustees, 480 F. App'x 540, 543 (11th Cir. 2012) (affirming district court's grant of converted summary judgment motion for defendant without allowing pro se plaintiff to conduct discovery). Accordingly, Plaintiff's objection does not undermine the Magistrate Judge's recommendation.

Next, Plaintiff briefly states that "[o]f all the workers hired by Defendants, Plaintiff was the only one with a Hispanic

name. . . . There is no need to have known Plaintiff to know [that] he is Hispanic, Latin American and/or generally known as 'Mexican.' " (Doc. 40 at 4.) Going further, Plaintiff seems to contend it was unknown whether the other individuals Defendants hired were similarly situated to Plaintiff. (Id. at 5.) Although unclear, it appears Plaintiff is addressing the Magistrate Judge's Title VII disparate treatment analysis. These assertions do not undermine the Magistrate Judge's conclusions that Plaintiff was not qualified and that he failed to allege that the comparators on the list were similarly situated because they "also refused to take the training or failed to communicate their refusal of the job offer, [and] were given another chance anyway." (Doc. 39 at 16-17.)

Further, Plaintiff insists he was not required to communicate he declined to take the job after informing Derrick Sample. (Doc. 40 at 2.) Plaintiff also contends Defendants' reasons for not hiring him – that he was a "no-show" and failed to complete mandatory training – are only "excuses" for racial discrimination. (Id. at 3.) These statements appear to be an effort to attack the Magistrate Judge's finding that Defendants demonstrated legitimate, nondiscriminatory reasons for not hiring him: "his lack of safety training as well as his prior failure to show or communicate that he declined the first job." (Doc. 39 at 19.) Plaintiff's arguments confirm that he did not take the mandatory

7

training and did not contact the employer prior to his start date to inform them of his decision not to show. (Doc. 40 at 2, 3.) As the Magistrate Judge explained, "a plaintiff may not establish that an employer's proffered reason is pretextual merely by questioning the wisdom of the employer's reason, at least not where, as here, the reason is one that might motivate a reasonable employer." Combs v. Plantation Patterns, 106 F.3d 1519, 1543 (11th Cir. 1999). Additionally, "to avoid summary judgment [the plaintiff] must introduce significantly probative evidence showing that the asserted reason is merely a pretext for discrimination." Clark v. Coats & Clark, Inc., 990 F.2d 1217, 1228 (11th Cir. 1993) (citation omitted). Plaintiff merely restates his disagreement with what was required of him and fails to offer anything other than conclusory statements about Defendants' motivations. Thus, Plaintiff has not overcome the Magistrate Judge's recommendation regarding Defendants' legitimate, nondiscriminatory reasons for their failure to rehire him.

Finally, Plaintiff briefly mentions Defendants "not wanting to pay for Training and Safety Orientation" being another reason that Defendants did not want to hire him. (Doc. 40 at 5.) This assertion could arguably address the Magistrate Judge's recommendation regarding Plaintiff's Title VII retaliation claim. Other than merely restating his position, Plaintiff's reference to this claim does nothing to undermine the Magistrate Judge's

analysis and recommendation that his protests were not a protected activity and no causal connection existed. (Doc. 39 at 24-25.)

## CONCLUSION

For the foregoing reasons, the Plaintiff's objections (Doc. 40) are **OVERRULED**, and the report and recommendation (Doc. 39) is **ADOPTED** as the Court's opinion in this case. The portion of Defendant's motion seeking summary judgment is **GRANTED IN PART** and the portion seeking dismissal on Rule 12(b)(6) grounds is **DENIED IN PART AS MOOT**. (Doc. 26.) This action is **DISMISSED**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 16th day of February 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA